UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANURASHIKA JEET AND VIMAL SINGH,<br><br>Plaintiffs,<br><br>v.<br><br>MICHELLE HENDERSON,<br><br>Defendant. | No. 2:16-cv-02551-TLN-KJN<br><br>**ORDER REMANDING CASE** |

This matter is before the Court pursuant to Defendant Michelle Henderson's ("Defendant") Notice of Removal and Motion to Proceed in Forma Pauperis. (ECF Nos. 1–2.) For the reasons set forth below, Defendant's Motion to Proceed in Forma Pauperis is GRANTED. The Court hereby remands the action to the Superior Court of California, County of Sacramento, due to lack of subject matter jurisdiction.

**I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On August 24, 2016, Plaintiffs Anurashika Jeet and Vimal Singh ("Plaintiffs") filed an unlawful detainer action in the Superior Court of California, County of Sacramento. (Not. of Removal, ECF No. 1 at 10.) On October 26, 2016, Defendant filed a Notice of Removal in the

1  United States District Court for the Eastern District of California.  (ECF No. 1.)  Defendant
2  asserts that removal is proper because "[f]ederal question jurisdiction exists because Defendants
3  [sic] pleading depend on the determination of Defendant's rights and Plaintiff's duties under
4  federal law."  (ECF No. 1 at 3, ¶ 7.)  For the reasons stated below, this Court finds that subject
5  matter jurisdiction does not exist and thus this case must be remanded.

6      **II.**    **STANDARD OF LAW**

7      28 U.S.C. § 1441 permits the removal to federal court of any civil action over which "the
8  district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  Removal is
9  proper only if the court could have exercised jurisdiction over the action had it originally been
10 filed in federal court.  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).
11     Courts "strictly construe the removal statute against removal jurisdiction," and "the
12 defendant always has the burden of establishing that removal is proper."  *Gaus v. Miles, Inc.*, 980
13 F.2d 564, 566 (9th Cir. 1992) (per curiam).  Furthermore, "[i]f the district court at any time
14 determines that it lacks jurisdiction over the removed action, it must remedy the improvident
15 grant of removal by remanding the action to state court."  *California ex rel. Lockyer v. Dynegy,*
16 *Inc.*, 375 F.3d 831, 838, *as amended*, 387 F.3d 966 (9th Cir. 2004), *cert. denied* 544 U.S. 974
17 (2005).
18     The "presence or absence of federal-question jurisdiction is governed by the 'well-pleaded
19 complaint rule,' which provides that federal jurisdiction exists only when a federal question is
20 presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar*, 482 U.S. at 392.
21 Removal cannot be based on a defense, counterclaim, cross-claim, or third party claim raising a
22 federal question, whether filed in state court or federal court.  *See Vaden v. Discover Bank*, 556
23 U.S. 49, 60–61 (2009); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009).

24     **III.**    **ANALYSIS**

25     Defendant removed this case to this Court on the basis of federal question jurisdiction.
26 (ECF No. 1 at 2–3.)  Defendant argues that jurisdiction is proper under 28 U.S.C. § 1441(a) or
27
28

(b).[1]  (ECF No. 1 at 3.)  Section 1441(a) states: "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  Thus for jurisdiction to exist under § 1441(a), a federal question must be presented on the face of the plaintiff's properly pleaded complaint.  *Caterpillar*, 482 U.S. at 392. Plaintiff's complaint for unlawful detainer does not allege a federal cause of action.  *See, e.g.*, *Deutsche Bank Nat'l Trust Co. v. Yanez*, ED-15-CV-02462-VAP-DTBx, 2016 WL 591752, at *1 (C.D. Cal. February 11, 2016).

This is not changed by Defendant's seeming intent to raise alleged violations of the Fair Housing Act ("FHA") as a defense, along with a possible counterclaim for other alleged violations of the FHA.  (*See* ECF No. 1 at 2–3 (stating she withheld rent due to Plaintiffs' alleged failure to allow "reasonable modifications of the premises" and asserting the alleged failure of the building at issue to be "up to code" discriminates against her and a co-tenant she alleges is handicapped.)  Defendant's seeming intent to raise said defense and/or counterclaim would not confer original jurisdiction on this Court.  *See Vaden*, 556 U.S. at 60 (explaining federal jurisdiction can neither be "predicated on an actual or anticipated defense" nor "rest upon an actual or anticipated counterclaim").

To the extent Plaintiff's notice of removal seeks removal on the basis of Section 1441(b), this too fails.  Section 1441(b) allows for a case to be removed to federal court on the basis of diversity jurisdiction if the requirements of 28 U.S.C. § 1332(a) are met.  Section 1332(a) confers diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States."  Defendant's Civil Cover Sheet indicates that she and the Plaintiffs are citizens of California, so the requirements of Section 1332(a) are not met.  (*See* ECF No. 1-1.)  Additionally, in an unlawful

---

[1]  Defendant references 28 U.S.C. § 1332 in the title of its filing.  (ECF No. 1 at 1.)  It does so again on the Civil Cover Sheet.  (ECF No. 1-1.)  It also makes a passing reference to 28 U.S.C. § 1441(b).  (ECF No. 1 at 2.)  Otherwise, Defendant fails to discuss diversity jurisdiction. Nonetheless, this Court discusses below why removal is improper under §1441(b).

detainer action, only the right to possession of the property is at issue, not the title. *See Yanez*, 2016 WL 591752, at *2 (citing *Evans v. Superior Court*, 67 Cal. App. 3d 162, 170 (1977)). Consequently, the amount in controversy is determined by the amount sought in the complaint. *See id*. Here, this fails to meet the $75,000 threshold as Plaintiffs seek less than $10,000. (*See* ECF No. 1 at 10.)

Thus, Defendant has failed to establish the burden of showing that jurisdiction before this Court is proper, and it is appropriate to remand this case, *sua sponte*, for lack of federal jurisdiction. *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) ("[T]he district court ha[s] a duty to establish subject matter jurisdiction over the removed action *sua sponte,* whether the parties raised the issue or not.").

**IV.    CONCLUSION**

For the foregoing reasons, the Court hereby remands this action to the Superior Court of California, County of Sacramento. In removing this case, Defendant filed a motion to proceed in forma pauperis. (*See* ECF No. 2.) The Court has reviewed this motion and finds that Defendant meets the requirements of in forma pauperis status and thus grants Defendant's request.

IT IS SO ORDERED.

Dated: October 31, 2016

Troy L. Nunley
United States District Judge